<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL ARNULFO IBANEZ-GASTELUM,<br><br>     Petitioner,<br><br>v.<br><br>WARDEN, FCI FORT DIX,<br><br>     Respondent. | No. 24cv10291 (EP)<br><br>**OPINION** |

**PADIN**, **District Judge.**

Petitioner Manuel Arnulfo Ibanez-Gastelum filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. D.E. 1 ("Petition"). The $5.00 fee to file a petition for writ of habeas corpus is due at the time the petition is filed. L. Civ. R. 54.3(a). When a prisoner submits a petition for writ of habeas corpus and seeks to proceed *in forma pauperis* ("IFP"), the petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. L. Civ. R. 81.2(b). If the institutional account of the petitioner exceeds $200.00, the petitioner shall not be considered eligible to proceed IFP. L. Civ. R. 81.2(c). Here, Petitioner did not submit an IFP application or pay the $5.00 filing fee.

Accordingly, the Clerk of Court will be ordered to **ADMINISTRATIVELY TERMINATE** the Petition *without prejudice*.[1] Petitioner will be granted leave to apply to reopen within **45 days** (by submitting a complete IFP application or paying the $5.00 filing fee). An Order accompanies this Opinion.

November 20, 2024

Evelyn Padin, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can reopen, administratively closed cases).