<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL ARNULFO IBANEZ-GASTELUM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI FORT DIX,<br><br>　　　　　Respondent. | No. 24cv10291 (EP)<br><br>OPINION |

**PADIN, District Judge.**

*Pro se* Petitioner Manuel Arnulfo Ibanez-Gastelum ("Petitioner"), a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the Federal Bureau of Prison's ("BOP") determination that he is not eligible for time credits under the First Step Act ("FSA").[1] D.E. 1 ("Petition"). On April 8, 2025, the Court ordered Petitioner to show cause, within 45 days, why the Court should not dismiss the Petition for failure to exhaust administrative remedies. D.E. 8 ("Order"). Petitioner failed to respond to the Order. For the reasons explained below, the Court will **DISMISS** the Petition ***without prejudice*** for Petitioner's failure to exhaust administrative remedies.

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts—applicable to Section 2241 petitions pursuant to Rule 1(b)—requires district courts to examine section 2241 petitions, and "[i]f it plainly appears from the petition and any attached

---

[1] *See* 18 U.S.C. § 3632(d)(4)(D, E) (listing convictions and immigration status which render prisoners ineligible for FSA time credits).

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Petitioner acknowledged that he did not seek an administrative remedy. Pet. ¶ 7. In recognition that "a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction," *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)), the Court provided Petitioner an opportunity to set forth an issue of statutory construction or withdraw his Petition and refile after he exhausted administrative remedies. Order at 2. Petitioner did neither. Therefore, the Court will dismiss the Petition **without prejudice**. Petitioner may refile after he exhausts his administrative remedies. An appropriate Order accompanies this Opinion.

Date: May 5, 2025

                                                                             Evelyn Padin, U.S.D.J.